UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CINDY L. DUTCHER,

    Plaintiff,

v.                                             Case No: 6:12-cv-844-Orl-22TBS

WIGINTON CORPORATION,

    Defendant.

## REPORT AND RECOMMENDATION[1]

Pending before the Court is the parties' Joint Motion for Approval of Settlement and Entry of an Order of Dismissal. (Doc. 18). The parties request the Court's approval of their proposed settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claim. I have examined the motion, the Amended Settlement Agreement (Doc. 26-1), and considered the parties' oral arguments.[2] For the reasons set forth herein, I respectfully recommend that the motion be **GRANTED**.

### I. Background

On April 13, 2012, Plaintiff Cindy Dutcher filed an action in state court against her former employer, Defendant Wiginton Corporation for unpaid overtime compensation and liquidated damages. (Doc. 1). The action was removed to federal court on June 5, 2012.

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

[2] I heard oral argument on the matter on November 28, 2012. See (Doc. 25).

(Doc. 1).  Plaintiff alleges she was an hourly paid employee who "performed clerical and other administrative functions" and Defendant failed to pay her for overtime wages "for her working hours in excess of forty in any workweek during her tenure with the company." (Doc. 2 ¶¶ 10-12, 18).  Defendant admits it employed Plaintiff as an administrative assistant, but denies her allegations concerning overtime compensation. (Doc. 7 ¶¶ 1, 10-12, 22).

On September 13, 2012, the parties advised the Court that they had reached an agreement to resolve their dispute.  (Doc. 18).  At the parties' request, I reviewed the proposed settlement agreement in camera and directed them to provide "a better explanation of the reasons why Plaintiff compromised her initial amount of damages claimed." (Doc. 21).  I also advised the parties that the confidentiality clause in the agreement offended the principles of the FLSA.  (Id.).  At the parties' request (Doc. 22), I held a hearing on the matter on November 28, 2012 (Doc. 25).  Based on the parties' arguments, I directed them to file an amended proposed settlement agreement which they did on December 3, 2012 (the "Amended Agreement").  (Doc. 26, Doc. 26-1).

## II. Discussion

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways.  First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  29 U.S.C. § 216(c); <u>Lynn's Food Stores, Inc. v. U.S.</u>, 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a

proposed settlement agreement, and the district court enters a judgment approving the settlement.  Lynn's Food Stores, Inc., 679 F.2d at 1353.

To approve the settlement, the district court must scrutinize the settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.  Id. at 1354-55.   If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation."  Id. at 1354.  The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor.  My assessment of fairness is guided by prevailing case law in this Circuit, including Dees v. Hydradry, 706 F. Supp. 2d 1227 (M.D. Fla. 2010) and Fiber Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).

According to the Amended Agreement, Defendant has promised to pay and Plaintiff has agreed to accept a total of $9,750, to be disbursed as follows: $1,500 representing unpaid overtime wages, $1,500 representing liquidated damages, $3,750 in consideration for a general release, and $3,000 for attorneys' fees and costs.  (Doc. 26-1 ¶ 1).

In her answers to the Court's interrogatories, Plaintiff asserted her entitlement to $9,171 in (compensatory and liquidated) damages (Doc. 16-1).  Now, Plaintiff has agreed to accept $6,750, exclusive of attorneys' fees and costs, because "the parties determined that there were factual disputes regarding Plaintiff's claim that she had worked off the clock and, if so, how many hours she had so worked [which led] the [p]arties to conclude that each of their interests would be better served through early resolution than

protracted, expensive, and uncertain litigation. (Doc. 18 at 2). Upon due consideration, I find that the proposed compromise of Plaintiff's claim in this case is reasonable.

### III. Attorneys' Fees

Relying on Bonetti v Embarq Mngm't Co., 715 F. Supp. 2d 1222 (M.D. Fla. Aug. 4, 2009), the parties invite the Court to approve their fee provision on the grounds that it was negotiated "separately and without regard to the amount paid to the Plaintiff under the [p]arties' settlement agreement." (Doc. 18 at 3). As was explained in Correa v. Laiton, "the methods applied in Bonneti ha[ve] not been adopted for Chief Judge Conway's FLSA cases, who continues to apply the lodestar analysis." Case No. 6:09-cv-737-Orl-22DAB, 2009 U.S. Dist. LEXIS 131110, at *4-5 (M.D. Fla. Nov. 23, 2009) (citing Natera v. Mastercorp of Tennessee, Case No. 6:08-cv-2088-Orl-22DAB, 2009 U.S. Dist. LEXIS 76617 (M.D. Fla. Aug. 26, 2009) (Conway, C.J.)). The Court must determine the lodestar by multiplying the number of hours reasonably expended by a reasonable hourly rate. Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).

Although the parties did not include a final record of hours expended on this case, $3,000 in attorneys' fees and costs I find, based upon my own knowledge and experience, that $3,000 is reasonable based on the hours listed and fee rate outlined in Plaintiff's answers to the Court's interrogatories. (Doc. 14 at 2).

### IV.   Recommendation

Upon consideration of the foregoing, I find that the Amended Agreement is a fair and reasonable resolution of a bona fide dispute and respectfully recommend that the parties' Joint Motion for Approval of FLSA Settlement and Entry of an Order of Dismissal (Doc.

18) be **GRANTED,** and the Amended Agreement (Doc. 26-1) be **APPROVED** by the district court as to the parties to this action. It is also recommended that the case be **DISMISSED WITH PREJUDICE.**

 **RESPECTFULLY RECOMMENDED** at Orlando, Florida on December 10, 2012.

<em>[signature]</em><br>
THOMAS B. SMITH<br>
United States Magistrate Judge

Copies furnished to:

 The Presiding United States District Judge
 Counsel of Record